KANSAS CITY, Respondent, v. J. A. KEYS, Appellant.

Kansas City Court of Appeals, January 16, 1911.

CRIMINAL LAW: Auction: License: Proprietor: Manager. Where a city ordinance requires a person, firm or corporation, who are proprietors of auction houses, to take out a license, the manager or clerk for such person, firm or corporation is not liable to the penalties of the ordinance for conducting the business without a license.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

REVERSED.

*W. T. Latham* and *Arthur G. Black* for appellant.

*John G. Park* and *Francis M. Hayward* for respondent.

ELLISON, J.—Defendant was convicted for violation of a city ordinance "providing for the regulation and licensing of auction house proprietors" in Kansas City, Missouri, and reading as follows:

"Sec. 1.—That every person, firm or corporation who may be auction house proprietors, before exercising such occupation, shall procure a license from the city."

Sec. 2 provides for a license fee of $150 a year.

"Sec. 3.—Any person, firm or corporation who shall advertise their place of business, either by publication in newspapers, hand bills or inscription upon buildings or any part thereof as an auction house, shall be deemed auction house proprietors, and shall be subject to the license fee herein provided for.

"Sec. 4.—Any person paying auction house proprietor's license shall have the privilege of conducting auction sales without taking out auctioneer's license, and shall be exempt from auctioneer's license.

"Sec. 5.—Any person, firm or corporation who shall violate any of the provisions of this ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in a sum not less than ten dollars nor more than fifty dollars."

The question presented by defendant's counsel is, does a manager, that is to say, an agent of the proprietor, fall within the provisions of the ordinance? We think he does not. The ordinance does not so provide; on the contrary, we think it *excludes* such person.

By the terms of section one of the ordinance it is only the *proprietor* of an auction house who is required to take out a license. Such entity may be either a person, a partnership or a corporation, but *must* be the proprietor of the business. And section five prescribes the penalty upon such a person, partnership or corporation. To place the matter farther beyond doubt, section four provides that if the proprietor of the auction house takes out a license, he may conduct auction sales without an auctioneer's license; and those sales may, of course, be made by the proprietor's clerk or agent. More than this, section three names acts which, in the absence of other evidence, would be sufficient to show whether the person, firm or corporation was the proprietor required to take out a license, and these acts are those committed by proprietors in advertising *"their place of business."*

We are not unmindful that in many instances agents may violate license laws where their employer has failed to procure a license. Clerks in unlicensed retail liquor establishments are familiar examples. But such clerks are by inference at least, included in the law; or, at least, are not excluded as in the present ordinance.

While under the terms of this ordinance defendant's case does not require the aid of City of Troy v. Harris, 102 Mo. App. 51, yet the opinion therein contains an interesting course of reasoning distinguishing the license law there involved from that of other licenses.

We need not discuss other defects in the proceeding pointed out by defendant. The judgment is reversed. All concur.